UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION-DETROIT

IN RE:

**Winifred Rippy,**

        Debtors.

_____/

CASE NO. **15-41131 wsd**
Chapter **13**
Judge: **Walter Shapero**

**Winifred Rippy,**

        Plaintiff,

v.

Adv Proc. No.:

**Duetsche Bank National Trust Company, As Trustee for the Registered Holders of GSAMP Trust 2006-S5, Mortgage Pass-Through Certificates, Series 2006-S5,**

        Defendant,

And

**Ocwen Loan Servicing, LLC,**

        Defendant.

_____/

## COMPLAINT TO AVOID SECURITY INTEREST IN REAL PROPERTY

**NOW COMES** Plaintiff, Winifred Rippy, (hereinafter referred to as "Plaintiff") by and through their attorney Scott F. Smith and file this Complaint to Avoid Security Interest in Real Property against the holder of the Second Mortgage on their residence Duetsche Bank National Trust Company (hereinafter referred to as "Defendant") stating as follows:

1. Plaintiff brings this Complaint pursuant to 11 U.S.C. 506 and submits herself to jurisdiction of the Court through Fed. R. Banks P.§ 7001 and §7004.

2. Plaintiff Debtor filed a Voluntary Chapter 13 with this court on January 28, 2015.

3. A Chapter 13 Plan was filed contemporaneously with this Complaint, which proposes to strip the lien of Defendant from the collateral commonly known as 1949 Smith Street, Ypsilanti, MI. 48198-6705 and treating Defendant's claim as wholly unsecured.

4. That there are currently two separate mortgages on Plaintiff's principal residence located 1949 Smith Street, Ypsilanti, MI. 48198-6705, the following described premises situated in the City of Ypsilanti, Washtenaw, State of Michigan and is described as follows:

> Lots 1066 and 1067 of Watsonia Park Subdivision, according to the Plat thereof recorded in Liber 6 of Plats, Pages 33 and 34 of Washtenaw County Records.
>
> Tax Id No. K-11-14-484-010

5. That the first mortgage is currently held by Wells Fargo Home Mortgage, which the principal amount owed is approximately $160,000.00; recorded on February 17, 2006 at Liber 4539, Page 198, Washtenaw County Register of Deeds. The total secured claim is approximately $160,000.00.

6. The second mortgage is claimed to be held by Defendants in the amount of approximately $35,200.00; **recorded February 17, 2006 at Liber 4539 Page 199 Washtenaw County Register of Deeds.**

7. That 11 U.S.C. 506(a) allows a creditor to have a secured claim to the extent of the value of its interest in the estate's interest in the property, and an unsecured claim to the extend that its interest is less than the amount of its allowed secured claim.

8. The property has a value of approximately $85,000.00 according to Debtor's market analysis.

9. That the interest of the First Mortgagee exceeds the value of the collateral.

10. That Defendant is wholly unsecured because no equity exists from the value to debt ratio of the senior lien(s) and value of the subject property.

11. The subject would have to be worth in excess of $190,000.00 for the Defendant to have any security interest.

12. That the Plaintiff is entitled to avoid the Second Mortgage in the Plaintiff's property under the provisions of 11 U.S.C 506, as this Defendant's lien is not an "allowed secured claim" as defined by the Code and applicable case law.

13. Therefore, Defendant's claim secured by the Second Mortgage should be treated as an unsecured claim and paid as a Class 8 creditor pursuant to Plaintiff Debtor's Chapter 13 Plan of reorganization.

14. The interest of good faith and justice support the requested relief.

**WHEREFORE**, Plaintiff prays this honorable Court grant Plaintiff's requested relief to Avoid Security Interest and Lien in the above referenced Property, or for such relief as this Court deems equitable and just.

Dated: November 6, 2015    **Respectfully submitted,**

/s/ Scott F. Smith
Scott F. Smith (P28472)
30833 Northwestern Hwy., Ste 200
Farmington Hills, MI. 48334
(248) 626-1962
ssmith3352@aol.com

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION-DETROIT

IN RE:

**Winifred Rippy,**

      Debtors.

_____/

CASE NO. **15-41131 wsd**
Chapter **13**
Judge: **Walter Shapero**

**Winifred Rippy,**

      Plaintiff,

v.

**Duetsche Bank National Trust Company, As Trustee for the Registered Holders of GSAMP Trust 2006-S5, Mortgage Pass-Through Certificates, Series 2006-S5,**

      Defendant,

**And**

**Ocwen Loan Servicing, LLC,**

      Defendant.

_____/

Adv Proc. No.:

## PROPOSED ORDER DETERMINING THE EXTENT OF
## THE SECOND LIEN OF DEFENDANT

 Upon the Stipulation/Entry of Default of the Plaintiff, Winifred Rippy and Defendants Duetsche Bank National Trust Company, As Trustee for the Registered Holders of GSAMP Trust 2006-S5, Mortgage Pass-Through Certificates, Series 2006-S5 and Ocwen Loan Servicing, LLC as to the extent of the Defendant Secondary Lien in Plaintiff's residence, and the Court being otherwise fully advised in the premises.

**IT IS HEREBY ORDERED** that the Defendants purported Second with an outstanding balance of approximately $34,000.00 on the Plaintiff's real property commonly known as 1805 Thomas Court, Rochester Hills, MI. 48309, County of Oakland shall be abrogated and null and void if the Plaintiff completes the Chapter 13 Plan and receive an order of discharged. The legal description of the subject property the Second Mortgage encumbers is as follows:

> Lots 1066 and 1067 of Watsonia Park Subdivision, according to the Plat thereof recorded in Liber 6 of Plats, Pages 33 and 34 of Washtenaw County Records.
>
> Tax Id No. K-11-14-484-010

**IT IS FURTHER ORDERED** that Defendant shall have an allowed unsecured claim in the above-referenced Chapter 13 bankruptcy case.

**IT IS FURTHER ORDERED** that in the event that the Plaintiff refinances the loans on the subject property or sell the subject property prior to the completion of the Chapter 13 case and receipt of a Chapter 13 order of discharge then the Second Mortgage will be paid in full at closing unless a lesser amount is agreed by all parties.

**IT IS FURTHER ORDERED** that in the event that the Chapter 13 case is dismissed or converted to a case under Chapter 7 of the code, this order shall be null and void and without effect.

**IT IS FURTHER ORDERED** that upon Plan completion or entry of a discharge order in the Plaintiff's bankruptcy case, the Defendant shall provide to Plaintiff a release, termination statement, discharge of mortgage or other appropriate certificate suitable for recording.

**IT IS FURTHER ORDERED** that in the additional event the Defendant, or their successors and assigns, fail to execute and deliver to the Plaintiff a termination statement, or other document that is or may be required by law to release the Second Mortgage, then the Plaintiff shall be permitted to use the attached Order along with the Order of Discharge as

authorization for the termination and release of the Second Mortgage and file the same with the Oakland County Register of Deeds, which will constitute and effectuate the discharge of the Second Mortgage.

**IT IS FURTHER ORDERED** that should the Register of Deeds require additional documentation to release the lien, that upon Affidavit of Plaintiff's counsel this order shall act as authorization for Plaintiff's counsel to execute any termination statement to release the lien on behalf of the Defendant.